Knox v. The State.

## KNOX v. THE STATE.

1.   FINES AND FORFEITURES:  *Filing transcript of, in circuit court.*
     The termination of a justice of the peace's term of office before the commencement of a term of the circuit court of his county does not excuse him for failing to file in said court, as required by *Sec. 5862, Mansf. Dig.,* a transcript of fines and forfeitures adjudged by him against defendants up to the time of going out of office.

APPEAL from *White* Circuit Court.

Hon. M. T. SANDERS, Circuit Judge.

*W. R. Coody* for Appellant.

This indictment is under *Act of March 31, 1883, Sec. 214, Mansf. Dig., Sec. 5862,* and under *Mansf. Dig., Secs. 1755, 1757,* and none but a justice *then acting as such* can be indicted.

1.   Because the failure is a misdemeanor *in office,* and part of the penalty is *removal from office.*

2.   The default, if any, could only be on the first day of the term of the court, which was January 19, 1885, and not being a justice on that day he could not report.

3. It must be an " *official transcript,*" which he could not make. After the expiration of his term and surrender of his docket he could do no *official* act, and it was his successor's duty to make the report. *Mansf. Dig., Section 4020; 33 Ark., 475.*

4. He was only required to report fines, penalties, etc., *adjudged against defendants,* and the evidence agreed on does not show any, hence the finding is contrary to the evidence.

5. He was indicted as a justice of the peace, " duly commissioned and acting," and he cannot be convicted when the proof shows he was not a justice at the time. What is necessary to be alleged must be proved. One cannot be convicted of a statutory offense unless he comes clearly within the purview of the law. *1 Whart. Cr. Law, Sec. 28; Bish. St. Crimes, Sec. 220.*

*Dan W. Jones,* Attorney General, for Appellee.

The allegation in the indictment that the appellant was a justice of the peace on the 19th of January, 1885, was immaterial, for *Sec. 5862, Mansf. Dig.,* makes it the duty of a justice of the peace to file a transcript of the proceedings in his court, on or before the first day of the circuit court following each six months of said justice's term of office. If such term expired (as in this case) several months before the term of the court, the justice surely could not neglect to make a return of his official proceedings during the time he was in office. He could very easily comply with the law by making his transcript at the time he went out of office, and hold it until the first day of the succeeding term of court, when he could file it. Thus the official transcript may be made while he is an officer, though filed subsequently. To hold otherwise is to substitute sophistry for the plain reason and intent of a most beneficial statute. The decision depends solely upon the construction placed upon the above-named statute, and the judgment should be affirmed.

Knox v. The State.

BATTLE, J.   W. S. Knox was indicted in the White circuit court, at the January term thereof, 1885, under *Section 5872 of Mansfield's Digest*, for a failure to comply with the requirements of *Section 5862*, which says:

" Justices of the peace, city judges, police judges, recorders, and all other municipal, township or county officers shall, semi-annually, on or before the first day of the circuit court, at each term thereof, file in the office of the clerk of the circuit court of their respective counties, an official transcript of all fines, penalties and forfeitures, adjudged by them against defendants in their courts, giving the style of the case, the full names of the parties, and amount of the judgment, if any, in each case, and the name of the officer collecting the same."

The parties, by consent, waived a jury and submitted the law and facts to the court, upon an agreed statement of facts, in the words and figures following:

" It is agreed, that the defendant was justice of the peace until the September election for 1884, when he was defeated, and his successor was in due time qualified as such justice, from the date of his commission—from the 30th day of October, 1884—to whom defendant immediately turned over and surrendered his docket, with all judgments and entries thereon, and had no further control thereof; and at the January term of the White circuit court he was not a justice of the peace, or authorized to do or perform any official act as such; but that before the qualification of his successor, and since his report at the July term of this court for 1884, he tried some one or two criminal cases, which he has not reported, and made no report at the succeeding January term, as he did not regard it as his duty to do so, as his docket had passed into the hands of his successor and he was no longer justice of the peace."

The court found the facts in accordance with the agreed statement of facts, except that it found that after the July term

of the White circuit court of 1884, and before the 30th day of October, 1884, appellant, in his capacity of justice of the peace, tried one or more cases of misdemeanor, in which the defendants were convicted and fined.

And the court declared the law as follows:

" The fact that the defendant's official term expired before the January term, 1885, of the circuit court, did not excuse him from filing an abstract of the misdemeanors tried before him between the date of his July report and the date of his retiring from office. It was his duty to have filed an abstract of cases tried between said dates at the time his official term closed, or at least on or before the succeeding term of the circuit court."

The court found the defendant guilty and imposed on him a fine of five dollars; and he filed a motion for a new trial, which was overruled, and he appealed.

The court erred in its finding of the facts. There was no evidence that the defendants in the criminal cases tried by appellant, or any of them, were convicted, or that there were any fines imposed by appellant while acting as justice of the peace.

The object of the statutes, under which appellant was indicted, was to enforce the collection and payment of all fines, penalties and forfeitures adjudged by justices of the peace and other officers named in the statutes, against defendants in their respective courts. For this purpose an official report of such fines, penalties and forfeitures, made out in the manner prescribed by the statute, is required to be filed by such justices and other officers, on or before the first day of each term of the circuit court. The county clerk is required to audit the accounts of constables and other collecting officers, and to charge them with the amount of fines, penalties and forfeitures adjudged against defendants in justices', city, police or other

courts in the county, excepting only circuit courts, according to the official report of such fines, penalties and forfeitures on file. The clerk is prohibited from crediting constables and other collecting officers with any deficits as to fines and penalties, unless they show the death of the party against whom the fine or penalty was adjudged, or that imprisonment, in default of the payment of the fine, has been enforced in accordance with the provisions of the criminal law. The county clerk is required to furnish the prosecuting attorney, at the commencement of each term of the circuit court of his county, with a written statement of all deficits of constables and other collecting officers, on account of fines, penalties and forfeitures; and it is made the duty of the prosecuting attorney to bring suit against the defaulting constables and collecting officers and their sureties for the deficiency due, and also to prosecute said officers by indictment for malfeasance in office. The failure to comply with any of these requirements by any of the officers named is made a misdemeanor, punishable, on conviction, by a fine not exceeding five hundred dollars, and removal from office. *Mansf. Digest, Secs. 5862, 5866, 5872.*

In this case the appellant was a justice of the peace of White county. The White circuit court was required to be begun and held on the third Mondays in January and July of each year. On or about the thirtieth day of October, 1884, appellant's term of office expired and he delivered his docket and official papers to his successor in office. It was his duty, while in office and possession of his docket, to have made out an official report of all fines, penalties and forfeitures adjudged by him, in his capacity of justice of the peace, against defendants, after the July term of the White circuit court in the year 1884, in the manner prescribed by the statute. This he could easily have done. It was his duty to have filed this report with the circuit clerk of White county, on or before the first day of

the January term of the White circuit court, in the year 1885, notwithstanding he was not in office after the 30th of October, 1884. The law making it his duty, empowered him to do so. If he failed he was guilty of a public offense, the penalty of which is a fine not exceeding five hundred dollars, and removal from office. The expiration of his term of office did not wipe out the offense and relieve him of the penalty. While he cannot be removed from office, he can be fined. The object of the law, in fixing the penalty of the offense, has only been accomplished in part. He is still liable, on conviction, to a fine not exceeding five hundred dollars.

Because the court erred in its finding of the facts, the judgment of the court below is reversed, and the cause is remanded with instructions to grant the appellant a new trial.